**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**E. HUTTENBAUER & SON, INC.;
Samuel E. Huttenbauer,
Defendants–Appellants.**

No. 02–3241.

United States Court of Appeals,
Sixth Circuit.

Aug. 4, 2004.

Before NORRIS, BATCHELDER and COLE, Circuit Judges.

BATCHELDER, Circuit Judge.

Defendants–Appellants E.H. Huttenbauer & Son, Inc. ("EHS") and Samuel Huttenbauer ("Huttenbauer") filed a notice of appeal from the district court's orders denying their motion to hold the government in contempt and granting the government's motion for summary judgment against EHS and Huttenbauer for breach of contract, establishing EHS's liability to the government in the amount of $2,275,000 plus interest, subject to an offset to be determined at later trial, and establishing Huttenbauer's liability to the government for his personal guarantee in the amount of $300,000 plus interest. The notice of appeal also includes the district court's final order—issued after the parties waived trial and submitted the issue to the court on testimony presented during a previously held contempt hearing—establishing the sum of $9,248.83 as the amount of offset to which EHS was entitled. In their brief on appeal, however, EHS and Huttenbauer challenge only the order establishing the amount of the offset.

Because the assignment of error actually argued by the defendants is intertwined with the facts and law of the entire case, we have carefully reviewed the record and the applicable law relative to the entire case, as well as the parties' briefs. We conclude that the magistrate judge who heard all aspects of this case, in part pursuant to an order of referral by the district court and in part by consent of the parties, accurately recited the undisputed facts and made findings regarding the disputed facts that are not clearly erroneous. We further conclude that the magistrate judge carefully and correctly set out the law governing the issues raised, and clearly articulated the reasons underlying the decisions resulting in this appeal. Accordingly, issuance of a full written opinion by this court would serve no useful purpose,

and, for the reasons stated in the report and recommendation and the opinions, we AFFIRM the orders in all respects.